[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16568
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20623-JAL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FARUT JENNIFER RUIZ MENDEZ,
a.k.a. Gabriel Lacayo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Farut Jenniffer Ruiz Mendez appeals his 52-month sentence, imposed within the applicable Sentencing Guidelines range, after pleading guilty to one count of reentry by a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On appeal, Mendez argues that his sentence was substantively unreasonable, in light of the 18 U.S.C. § 3553(a) factors, because the district court placed too much emphasis on his criminal history, and failed to weigh mitigating evidence of his family circumstances.  Mendez also contends that his 52-month sentence falls near the high end of the Sentencing Guidelines range, in contrast to the low-end sentences received in other multiple reentry cases.  Finding no reversible error on the part of the district court, we affirm.

This court reviews the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  Under this standard, we will not vacate a sentence unless the district court's ruling constitutes a clear error of judgment.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  In reviewing the substantive reasonableness of a sentence, we must ensure that the district court imposed a sentence "sufficient, but not greater than necessary to comply with the purposes" of sentencing, including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C.

2

§ 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The appellant bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We ordinarily expect a sentence within the guideline range to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding the defendant's sentence was reasonable in part because it was well below the statutory maximum).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where the court indicates it considered all the § 3553(a) factors.  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

We conclude that Mendez's 52-month sentence is substantively reasonable.

The sentence is in the middle of a 46- to 57-month guideline range; consequently, we expect it to be reasonable. *See Hunt*, 526 F.3d at 746. Additionally, Mendez's sentence is well below the statutory maximum 20-year penalty, which serves as another indication of its reasonableness. *See Gonzalez*, 550 F.3d at 1324. Mendez argues the district court failed to adequately consider his family circumstances under § 3553(a). To the contrary, the court explicitly stated it had considered the parties' statements in light of the § 3553(a) factors. Additionally, although the court acknowledged it was particularly mindful of Mendez's extensive criminal history, the weight to accord any given factor is within the sound discretion of the court. *Clay*, 483 F.3d at 743.

Mendez also argues his 52-month sentence falls near the high end of the guideline range, in contrast to low-end sentences handed down in other multiple reentry cases. Once again, Mendez's sentence falls roughly in the middle of the 46- to 57-month guideline range. Even if we were to accept that Mendez's circumstances are factually similar to other multiple reentry defendants who received lower-end sentences, Mendez's sentence merely reflects the broad range of discretion that a district court has in imposing a reasonable sentence. Accordingly, we affirm.

**AFFIRMED.**